*568   *JAMES C. HODGSON *v.* WILLIAM BILLSON and others.

January Term, 1874.

1. **Mechanic's Lien: Subcontractor: Judgment.** Where a subcontractor, without any contract with the owner of a building, but with a contractor, only, makes certain improvements on such building, and then files a mechanic's lien thereon, the owner of the building is not personally liable to the subcontractor, and it is error to render a personal judgment against the owner of the building in such a case for the amount of the subcontractor's claim.

2. ——. Even if the mechanic's lien should be sustained, the only judgment that could be rendered against the owner of the building would be that the specific property should be sold to satisfy said subcontractor's claim. But if the mechanic's lien should not be sustained, then no judgment could be rendered against the owner of the building.

Error from Greenwood district court.

The case is stated in the opinion. This case was here before, and the petition in error was then dismissed for want of necessary parties. 11 Kan. *357. Billson & Jones, as partners, recovered a judgment against Hodgson, at the June term, 1872, of the district court, for $100.87, and costs.

*Gillett & Sanders,* for plaintiff in error.

VALENTINE, J. This was an action brought by Billson & Jones against Hodgson and wife, and one John W. Berry, to foreclose a mechanic's lien. No service was ever obtained upon said Berry, and the

case was dismissed as to Mrs. Hodgson. The trial then proceeded before the court, without a jury, against Hodgson alone. The court found that there was no mechanic's lien, but rendered a personal judgment against Hodgson and in favor of Billson & Jones for the amount that they claimed. Hodgson claims that this judgment was erroneous.

The petition in the court below stated, among other things, *569 *that the labor and materials for which the plaintiffs sued were furnished under a contract made between the plaintiffs and said John W. Berry, and that Berry was the agent and trustee of Hodgson for that purpose. Afterwards the plaintiffs amended their petition so as to allege that Berry was the original contractor with Hodgson, and that they were subcontractors under Berry, and all allegations in the petition setting forth that Berry was an agent or trustee of Hodgson were stricken out. The petition also stated that Hodgson was the owner of the property (a house) for which said labor and materials were furnished. There was no pretense in the amended petition that there was ever any contract entered into between the plaintiffs and Hodgson. Now, under such a petition we suppose no personal judgment could be rendered against Hodgson. He was not personally liable to the plaintiffs. Berry alone was personally liable to them. If the plaintiffs had succeeded in establishing their claim against Berry, and had also succeeded in establishing their mechanic's lien, then they could have made the specific property of Hodgson's to which the mechanic's lien attached liable for the payment of their claim, and they could have obtained a judgment that the property should be sold to satisfy their claim. But this is all that they could have done. They could not, under any circumstances, (in such a case,) make Hodgson personally liable, nor could they make his property in general liable; and no judgment against Hodgson personally, or against his property in general, should have been rendered. No evidence tending to prove a personal liability on the part of Hodgson could have been introduced under this petition; and as the plaintiffs failed to establish their mechanic's lien, no judgment of any kind should have been rendered against Hodgson. The transaction seems from the evidence, which is all brought to this court, to be about as follows: Hodgson owned the property,—a house. Berry rented it. Berry alone employed the plaintiffs to make said improvements. They made the improvements. Berry left the *570 country without paying for the rent of the house, or for the *improvements made thereon. Hodgson never owed Berry anything, nor ever agreed to pay him anything for the improvements, but, on the contrary, Berry owed Hodgson. Hodgson afterwards told the plaintiffs orally that if they filed a mechanic's lien on his building he would pay Berry's debt to them. They attempted to file a lien, but, it seems from the findings of the court, did not do so. Why the lien was not sufficient we have not examined.

The judgment of the court below is reversed, and cause remanded for a new trial.

'(All the justices concurring.)